IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| James Walker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1144 |
| ) | |
| Fortis Benefits Ins. Co., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6)(d/e 3). For the reasons below, the Court recommends the motion be denied.

**STANDARD OF REVIEW**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004). "'A court may dismiss a complaint only if it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The question is whether relief is possible "based on any legal theory . . . under any set of facts that could be established consistent with the allegations." McDonald v. Household Int'l, Inc., 2005 WL 2387498 (7th Cir., Sept. 29, 2005)(reversing dismissal of complaint for failure to specify ERISA as governing action).

## BACKGROUND

According to Defendant's Notice of Removal, Plaintiff is a participant and beneficiary in a group health plan maintained by a Peoria, Illinois, law firm, and funded in part by a certificate of insurance issued by Defendant. (d/e 1, ¶¶ 2-3).

Plaintiff alleges that his physician prescribed him medication covered under Defendant's policy. Plaintiff requested payment of benefits for prescriptions filled in 2002, but Defendant denied the request, advancing the reason that the FDA had not granted approval to the claim that the drug was effective for Plaintiff's condition. Plaintiff challenged those

denials in a prior lawsuit filed against Defendant in 2003, in which summary judgment was ultimately granted to Defendant.[1]

In January, 2004, the FDA allegedly granted approval of the medicine for Plaintiff's condition. On November 11, 2004, Plaintiff again submitted a claim for benefits for the prescribed medication. Defendant again denied Plaintiff's request, despite the FDA's approval and its alleged obligation to pay under the policy. Plaintiff alleges that "Defendant's persistence in refusing payment after the rationale for its previous refusal to pay evaporated is part of a strategy by Defendant to deny claims for prescriptions that have a significant cost and find a rationalization later." (d/e 7, ¶ 11).

Plaintiff filed this action in the Circuit Court of McLean County, Illinois, on or about March 31, 2005. Defendant removed the case to federal court, asserting ERISA jurisdiction, and filed a motion to dismiss.

---

[1] Plaintiff filed the 2003 action against Defendant in state court, which Defendant removed to federal court. *Walker v. Fortis Benefits Ins. Co.*, 03-1163 (C.D. Ill, Peoria, Judge McDade). Summary judgment was granted to Defendant in January, 2005. Id., (d/e 39). In the 2003 case, Plaintiff unsuccessfully argued for remand on the grounds that ERISA did not preempt his claim. Id., 8/8/03 Order Denying Motion to Remand (d/e 15); 4/22/05 Order Denying Atty Fees (d/e 46). In this case, Plaintiff has not objected to removal or argued against ERISA preemption, though he did originally file this case in state court.

In response to the motion to dismiss, Plaintiff filed a motion for leave to file an amended complaint (d/e 5). Plaintiff' 's Amended Complaint was allowed, the Court denying the motion to dismiss without prejudice to its revival as to the Amended Complaint. (7/12/05 text order). Defendant then filed objections to the Amended Complaint (d/e 8), which the Court construed as a motion to revive Defendant's motion to dismiss as attacking the Amended Complaint (7/19/05 text entry).

**ANALYSIS**

Unlike the original Complaint, the Amended Complaint does not contain a claim for damages under the Illinois Insurance Code or a demand for a jury trial. Defendant's objections to both are therefore moot and are not addressed. Similarly, the Amended Complaint seeks relief only under ERISA, mooting Defendant's argument about ERISA preemption.

Remaining is Defendant's contention that Plaintiff did not exhaust his administrative remedies before filing his case. Exhaustion is not statutorily required--"[t]he law in this Circuit is that the decision to require exhaustion before a plaintiff may proceed with a federal lawsuit [under ERISA] is a matter within the discretion of the trial court." Robyns v. Reliance Standard Life Ins. Co., 130 F.3d 1231, 1236 (7th Cir. 1997). However, the Seventh

Circuit has strongly stated its preference for exhaustion, recently stating: "[a]n ERISA plaintiff must exhaust all available administrative remedies before filing suit to challenge a denial of benefits." Ruttenberg v. U.S. Life Ins. Co., 413 F.3d 652, 662 (7th Cir. 2005). There are two recognized exceptions: 1) no meaningful access to review; and 2) futility. Id. Requiring exhaustion forwards goals of encouraging dispute resolution, reducing frivolous lawsuits, and developing a more complete record for judicial review. Gallegos v. Mt. Sinai Medical Center & Unum Life Inc. Co., 210 F.3d 803, 808 (7th Cir. 2000).

The question here, however, is whether Plaintiff is required to *allege* exhaustion in his Complaint. Defendant argues that "[i]t is uncontroverted" that Plaintiff did not appeal Defendant's denial (d/e 9, p.2), and that "nowhere in the plaintiff's pleadings, nor anywhere in the defendant's files, is there any indication that the plaintiff made any attempt to exercise, let alone to exhaust, any of the administrative remedies . . . ." (d/e 4, p. 4). Defendant attaches its "Certificate of Group Medical Insurance," and master group policy to show what administrative remedies were available (attachments to d/e 4, 12), but the Court cannot consider matters outside

the pleadings on a motion to dismiss.² Fed. R. Civ. P. 12(b); Berthold Types Ltd. v. Adobe Sys. Inc., 242 F.3d 772, 775-76 (7th Cir. 2001)(judge may rule on motion to dismiss if documents "outside four corners of complaint" not considered); Loeb Indus., Inc., v. Sumitomo Corp., 306 F.3d 469, 479 (7th Cir. 2002). In any event, the Certificate does not illuminate what Plaintiff did or did not do to exhaust.

Time and effort could have been saved if Plaintiff had simply pled exhaustion in his Amended Complaint, but he remains silent.³ His Amended Complaint alleges only that he submitted a claim for benefits on November 11, 2004, that Defendant denied his request, and that Defendant had previously denied similar requests in 2002 for lack of FDA approval. (Amended Complaint, d/e 7, ¶¶ 5-7). His response does not address exhaustion at all, relying solely on the argument that the Certificate of Insurance is not the contract governing this dispute.

---

²Because the Court has not considered the attachments, the Court does not address Plaintiff's argument that the Certificate is not the governing policy upon which Plaintiff sues.

³On the other hand, Defendant could have filed a summary judgment motion with the attachments and the appropriate affidavits and documentary evidence, instead of a motion to dismiss. The Court does not recommend the motion to dismiss be converted to a summary judgment motion because the Court believes affidavits and other documentary evidence are necessary to show a lack of a genuine issue of material fact on exhaustion. The court accordingly believes it more expedient to allow Defendant to later file a well-supported summary judgment motion in compliance with Local Rules.

The Seventh Circuit cases cited by Defendant were decided on summary judgment motions, not Rule 12(b)(6) motions. Robyns v. Reliance Standard Life Ins. Co., 130 F.3d 1231 (7th Cir. 1997)(summary judgment); Lindemann v. Mobile Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996)(summary judgment); Smith v. Blue Cross & Blue Shield United of Wisconsin, 959 F.2d 655 (7th Cir. 1992)(affirmed on other grounds, but agreeing that summary judgment for failure to exhaust would have been appropriate); Powell v. AT&T Communications, Inc., 938 F.2d 823 (7th Cir. 1991)(summary judgment); Kross v. Western Elec. Co., 701 F.2d 1238 (7th Cir. 1983)(summary judgment); see also, Gallegos, 210 F.3d 803 (summary judgment); Wilcynski v. Lumbermens Mutual Casualty Company, 93 F.3d 397 (7th Cir. 1996)(reversing (12)(b)(6) dismissal on grounds that exception to exhaustion rule was not negated by allegations, and listing cases decided on summary judgment as examples of Court's application of exhaustion doctrine on "more plenary" record).

In its own research, the Court found some non-controlling cases that required, or seemed to require, a plaintiff to affirmatively plead exhaustion on the face of the Complaint. Byrd v. MacPapers, Inc., 961 F.2d 157, 160-161 (11th Cir. 1992)(dismissal of complaint upheld where plaintiff failed to

plead exhaustion); DeBartolo v. Plano Molding Co., 2002 WL 1160160 *2 (N.D. Ill. 2002)(not reported in F.Supp.2d)(allegation that defendant "failed and refused to pay" benefits was sufficient to dismiss for failure to exhaust, with leave to amend); Coats v. Kraft Foods, Inc., 12 F.Supp.2d 862, 869 (N.D. Ind. 1998)("Clearly, the plaintiffs were required to plead exhaustion or futility of exhaustion of their § 510 claim," but recognizing it was an issue of first impression); Medical Alliances, LLC, v. American Medical Security, 144 F.Supp.2d 979 (N.D. Ill. 2001)(agreeing that exhaustion need not be affirmatively pled, but concluding that allegation of refusal to pay insufficiently pled exhaustion); Potter v. ICI Americas, Inc., 103 F.Supp.2d 1062 (S.D. Ind. 1999) (though noting exhaustion was affirmative defense, finding complaint insufficiently alleged exhaustion);  Gupta v. Freixenet, USA, Inc., 908 F.Supp. 557, 564 (N.D. Ill. 1995)(dismissing with leave to file amended complaint that adequately pled exhaustion).

Other non-controlling cases found in the Court's research have declined to dismiss under Rule 12(b)(6) for failure to exhaust.  Shaw v. Doherty Employment Group, 2001 WL 290376 (S.D. Ind. 2001)(not reported in F.Supp.2d)(denying motion to dismiss, without reservation to considering exhaustion on summary judgment motion);  Moore v. ABB

Power T&D Co., Inc., 2000 WL 1902185 (S.D. Ind. 2000)(not reported in F.Supp.2d)(disagreeing with Coats and requiring failure to exhaust to be raised in summary judgment motion).

The Court concludes that dismissal of the Amended Complaint because it fails to allege exhaustion, or because Plaintiff remains silent in the face of the motion to dismiss, would run afoul of federal notice pleading standards and the liberal standard the Court must apply in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The Seventh Circuit has repeatedly stressed that the 12(b)(6) test is whether relief is possible "under any set of facts that could be established consistent with the allegations."  McDonald v. Household Int'l, Inc., 2005 WL 2387498 (7th Cir., Sept. 29, 2005).  Plaintiff's silence does not compel the conclusion that he failed to exhaust, or that no exceptions to the exhaustion rule apply.  His allegations that he submitted a claim and Defendant refused to pay does not plead him out of Court–exhaustion of administrative remedies would not necessarily be inconsistent with those allegations.  The Amended Complaint set forth facts sufficient to give notice of his claim that Defendant denied him benefits due; that is all his Complaint must do under Fed. R. Civ. P. 8.

Further, failure to exhaust administrative remedies is generally an affirmative defense that must be raised and proven by the defendant.  *See* Brengettcy v. Horton, 423 F.3d 674, 682 (7th Cir. 2005)(statutory requirement that prisoner exhaust administrative remedies before filing lawsuit is an affirmative defense that defendant must plead and prove);[4] Potter v. ICI Americas, Inc., 103 F.Supp.2d 1062, 1065 (S.D. Ind. 1997)(acknowledging ERISA exhaustion is an affirmative defense; plaintiff admitted no exhaustion).  Plaintiffs are not required to negate affirmative defenses, though they may plead themselves out of court if it is obvious from their allegations or arguments that the defense bars the suit.  *See* Zhou v. Guardian Life Ins. Co. of America, 295 F.3d 677 (7th Cir. 2002)(affirming dismissal of ERISA complaint based on failure to exhaust, but plaintiff conceded no exhaustion).  Defendant's arguments are therefore more appropriately considered in the context of a summary

---

[4]The court believes analogy to prisoner civil rights cases is apt, as the same policy considerations underlie exhaustion in those cases as in ERISA cases.  The Seventh Circuit has repeatedly stated that failure to exhaust in prisoner cases, though a *statutory* precondition to bringing suit (contrary to ERISA, which has no *statutory* precondition), is still an affirmative defense that does not need to be pled on the face of the Complaint, but rather asserted and proven by the defendants.  Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a *Bivins* suit . . . failure to exhaust is an affirmative defense that the defendants have the burden or pleading and proving . . .").

judgment motion attaching evidence of non-exhaustion, evidence which should be readily accessible to Defendant in its own files.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be denied (d/e 3).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   October 19, 2005

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE