## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES WALKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-1144 |
| FORTIS BENEFITS INS. CO., | ) |
| Defendant. | ) |

## O R D E R

On October 19, 2005, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that Defendant's Motion to Dismiss be denied. Defendant filed a timely objection to the Report & Recommendation on October 28, 2005, and this Order follows.

### BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out of Plaintiff's claim that Defendant wrongfully denied his claim for prescription drug benefits in violation of ERISA. Defendant has moved to dismiss the Amended Complaint for failure to exhaust administrative remedies prior to filing.

The Magistrate Judge noted that while Seventh Circuit precedent demonstrates a preference for exhaustion, exhaustion is not statutorily required, but is a matter within the

discretion of the court. After considering the posture of this case and the minimal standards of federal notice pleading, the Magistrate Judge recommended that the Motion to Dismiss for failure to allege exhaustion be denied and that the matter be resolved on a more fully developed record at summary judgment.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## ANALYSIS

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Here, Defendant objects to the recommendation that the Motion to Dismiss be denied.  Rather, Defendant argues, the Court should strictly enforce the exhaustion requirement, construe the Amended Complaint's silence as an admission that Plaintiff did not exhaust his administrative remedies, and dismiss the Amended Complaint.

Were it not for the allegation in the Amended Complaint that "Defendant's persistence in refusing payment after the rationale for its previous refusal to pay evaporated is part of a strategy by Defendant to deny claims for prescriptions that have a significant cost and find a rationalization later," the Court might be inclined to agree with Defendant.  However, this allegation certainly could support the reasonable inference that Plaintiff's pursuit of administrative remedies would have been futile.

The Court therefore concurs in the Magistrate Judge's observation that Plaintiff's silence with respect to exhaustion in the Amended Complaint does not necessarily compel the conclusion that he failed to exhaust or that no exception to the exhaustion rule applies, as such conclusions are not negated by the allegations in the Amended Complaint.  When construed in the light most favorable to the Plaintiff and drawing all reasonable inferences in his favor, the Court cannot find that he could prove no set of facts in support of his claim which would entitle him to relief.  Defendants' Motion to Dismiss will therefore be denied.

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#13] of the Magistrate Judge in its entirety.  Accordingly, Defendants' Motion to Dismiss [#3] is DENIED.  Defendant shall answer the Amended Complaint within

21 days of the entry of this Order.  This matter is referred to Magistrate Judge Cudmore for further proceedings.

ENTERED this 23rd day of November, 2005.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge